IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE STEPHENS, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-06-0359 |
| v. | § | |
| | § | |
| GALVESTON COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lawrence Stephens, Jr., an inmate of the Galveston County Jail, proceeding *pro se* and *in forma pauperis*, files this complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. The threshold question is whether plaintiff's complaint should be dismissed as frivolous for failure to state a claim. After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that plaintiff's complaint fails to state a claim and should be dismissed for the reasons that follow.

**I.     Claims**

Plaintiff claims that on January 27, 2006, a Galveston County deputy made an "unprofessional statement" to him at the jail, threatening to shoot him in a particular anatomical area if he ever saw him out on the streets. Plaintiff seeks monetary damages for the "emotional instability" the statement caused him, and to have the deputy terminated from employment.

## II. Analysis

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). This Court will assume that plaintiff's factual allegations are true, and dismiss the complaint only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.

However offensive the deputy's statement may have been, it is well established in this circuit that oral insults or threats in the prison context, without more, do not amount to a constitutional violation and are not actionable under 42 U.S.C. § 1983. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *see also Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002). The threatening language alleged to have been made by the deputy will not support a claim for violation of plaintiff's constitutional rights. Nor does this Court have any authority to order the deputy's employment terminated in the instant case.

## III.  Conclusion

This lawsuit fails to state a claim under 42 U.S.C. § 1983, and is **DISMISSED** pursuant to 28 U.S.C. § 1915A as frivolous. Petitioner in **DENIED** authorization to proceed *in forma pauperis*. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, attention: Betty Parker.

Signed at Houston, Texas, on this the ___ day of February, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE